# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 18-0273** (Mingo County J17-F8)

**Brandon Lee Fitzpatrick,**
**Defendant Below, Petitioner**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brandon Fitzpatrick, by counsel Susan J. Van Zant, appeals the order of the Circuit Court of Mingo County, entered on February 27, 2018, sentencing him to a term of life imprisonment, with mercy, upon his plea of guilty to first-degree felony murder. Respondent State of West Virginia appears by counsel Patrick Morrisey and Shannon Frederick Kiser.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Brandon Fitzpatrick was indicted in the Circuit Court of Mingo County in 2017 on one count of first-degree robbery, one count of first-degree murder, one count of conspiracy to commit first-degree robbery, and one count of conspiracy to commit murder, all related to his role in the death of Bennett Hatfield. Mr. Fitzpatrick was found guilty in a bifurcated jury trial of felony murder and conspiracy to commit first-degree robbery, but he was found not guilty of robbery. Prior to the mercy phase of trial, Mr. Fitzpatrick moved for a mistrial on the ground that conspiracy is not a predicate offense to support a felony murder charge. The circuit court denied the motion for a mistrial. Immediately thereafter, Mr. Fitzpatrick and the State entered into a post-verdict plea agreement, citing Mr. Fitzpatrick's desire that the State recommend that the court grant mercy.

During the plea colloquy, Mr. Fitzpatrick acknowledged that he had discussed his plea agreement with counsel, that he understood the agreement, and that he entered it willingly. In allocution, Mr. Fitzpatrick recounted that he and his co-defendant, Anthony Arriaga, followed a Ford Mustang into a cemetery in Mingo County on May 22, 2016, intending to "car-jack" it. Upon turning into the cemetery, however, the two men saw Mr. Hatfield's black GMC Denali. Mr. Fitzpatrick and Mr. Arriaga approached Mr. Hatfield and, according to Mr. Fitzpatrick, Mr. Arriaga shot Mr. Hatfield. The two men left Mr. Hatfield to die. They fled the cemetery separately and later reunited in Wayne County.

The circuit court accepted Mr. Fitzpatrick's plea. Mr. Fitzpatrick thereafter moved the court to set aside the plea and grant a new trial. The circuit court denied the motion and sentenced Mr. Fitzpatrick to a term of life imprisonment, with mercy. On appeal, petitioner advances twelve

1

arguments.[1] Of these, however, eleven address circumstances characterized as error in trial procedure. Petitioner, as stated above, entered a post-trial plea of guilty, thereby waiving "all pre-trial defects with regard to his arrest, the gathering of evidence, prior confessions, etc., and further . . . all non-jurisdictional defects in the criminal proceeding." *Call v. McKenzie*, 159 W. Va. 191,

---

[1] We note that petitioner's brief falls far short of complying with Rule 10 of our Rules of Appellate Procedure, which provides in part:

> (3) *Assignments of Error*: The brief opens with a list of the assignments of error that are presented for review, expressed in terms and circumstances of the case, but without unnecessary detail. The assignments of error need not be identical to those contained in the notice of appeal. The statement of the assignments of error will be deemed to include every subsidiary question fairly comprised therein. If the issue was not presented to the lower tribunal, the assignment of error must be phrased in such a fashion as to alert the Court to the fact that plain error is asserted. In its discretion, the Court may consider a plain error not among the assignments of error but evident from the record and otherwise within its jurisdiction to decide.

Petitioner's brief did not open with a list of assignments of error, as prescribed by the rule. Rather, his "Table of Contents" referred the Court to a span of twenty-six pages of his appellate brief, leaving the Court to discern the assignments of error from the following topical headings: "Exclusion of Expert Witnesses[,]" "Evidence handled improperly by state misled grand jury & jury[,]" "Lost cell phones[,]" "Defendant/Petitioner Contends that the Remedy for Such a Flagrant Disregard for his Constitutional Rights is Exclusions (sic) of any Evidence Obtained[,]" "Error to Admit Out of State Phone Calls[,]" "Error to not Admit Statement of a Co-Defendant to a Co-Defendant when Witness not Available[,]" "Error of Court to Permit Same Psychiatrist to Evaluate Both Co-Defendants[,]" "Error of Court to deny Motion for a Change of Venue and Failure to Recuse Herself[,]" "Inconsistent Verdict[,]" "Insufficient Evidence to Convict[,]" "Error to Take a Plea Without Completing Required Plea Forms[,]" and "State Failed to Produce Evidence of Ownership of Gun Until Eve of Trial."

We further note that the confusing nature of these statements is compounded by the lack of a meaningful "Statement of the Case" that would assist the Court in associating these asserted errors with a discrete event that occurred throughout the relevant timeline of events. Rule 10 also provides, in part:

> (4) *Statement of the Case*: Supported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error.

Petitioner presented his statement of the case—which should have included a concise account of the indictment, the presentation of and ruling on pretrial motions, petitioner's trial, the entry of petitioner's guilty plea, and the post-trial proceedings and sentencing—in approximately one-and-a-half pages, without a single citation to the appendix record on appeal.

2

198, 220 S.E.2d 665, 671 (1975). We have no reservation in this determination, inasmuch as petitioner has not argued that he lacked understanding in the entry of his plea.

The sole argument petitioner offers concerning the entry of his plea—and the only argument we here consider, in light of the above-referenced waiver arising from the entry of the plea—is remarkably thin. He states only:

> Due to the inconsistent Verdict and dismissal of the jury, an attempted plea was entered. However, the Plea forms have never been completed and defendant has voiced his desire to withdraw his plea. The [c]ircuit [c]ourt accepted the Plea even though Brendan Fitzpatrick refused to complete the required Plea forms. When threatened with recalling a jury that had previously been dismissed to determine mercy or no mercy, Brandon Fitzpatrick took a plea after enduring a nearly twelve (12) hour day of trial.

Petitioner's brief does not contain a single citation to the portion of the appendix record on appeal containing the circuit court's plea hearing. There is no citation explaining the circumstances under which Mr. Fitzpatrick "voiced his desire to withdraw his plea" or supporting the statement that he "refused to complete the required forms." Moreover, petitioner has cited no legal authority that would elevate a signed form over the substance of a plea entered after a thorough colloquy with a criminal defendant. In an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the then-Chief Justice of this Court specifically noted in paragraph 7 that

> [b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal' as required by rule 10(c)(7)

are not in compliance with this Court's rules. Petitioner has failed to present this Court with a brief that meets these standards. Having independently reviewed the plea colloquy in the appendix record on appeal, however, we find naught that would call the validity of the plea into question. There is thus no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison